UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MAG. ACTION NO. C-11-343-1 |
| | § | |
| ALLEN MANUEL ORTEGA | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL**

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The following requires detention of the defendant pending trial in this case:

(1) There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 18 U.S.C. § 2422(b); and

(2) The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.[1]

The evidence against the defendant is substantial. The defendant admitted to law enforcement agents that he intended to meet a fourteen-year old for sex. The findings

---

[1] The parties dispute whether the presumption in 18 U.S.C. § 3142(e)(3)(E) applies because there was no actual minor victim in this case. The statute makes the presumption of non-appearance and danger to the community applicable to an offense involving a minor victim under § 2422. 18 U.S.C. § 3142(e)(3)(E). Here the defendant made contact with a person he believed to be fourteen year old but was actually a police officer posing as a minor female. The Court finds the presumption applicable, based upon the Fifth Circuit decision in United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001), which affirmed a conviction for violation of § 2242 based on a similar set of circumstances. The only Fifth Circuit authority on the applicability of the presumption was found in an unpublished decision, where the court refused to find *plain error* in the application of the presumption under circumstances identical to this case because the defendant failed to raise the issue before the District Court. United States v. Emmons, 294 Fed.Appx. 848, 2008 WL 4411444 (5th Cir. September 29, 2008) (unpublished). The only reported circuit or district court authority dealing with this issue found in favor of application of the presumption. See United States v. Cutter, 637 F.Supp.2d 348 (W.D.N.C. 2009).

and conclusions contained in the Pretrial Services Report are adopted.  The defendant is facing a ten-year minimum mandatory sentence, and he has not proffered a childless home where he can live, he has not proffered a co-surety or a cash deposit, and there does not appear to be any way to police his access to the internet because as a student he would have free access to the internet on campus.  The defendant is a poor bond risk.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 18th day of March, 2011.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE